UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRITTANEE JENKINS | ) | CASE NO. |
| 5390 Knollwood Drive, Apt. 4 | ) | |
| Parma, OH 44129 | ) | JUDGE |
| | ) | |
| *On behalf of herself and all others* | ) | **PLAINTIFF'S CLASS AND** |
| *similarly situated,* | ) | **COLLECTIVE ACTION** |
| | ) | **COMPLAINT** |
| Plaintiff, | ) | |
| | ) | (Jury Demand Endorse Herein) |
| v. | ) | |
| | ) | |
| IN LIVING SUPPORT, LLC | ) | |
| c/o Statutory Agent Elliott Stapleton | ) | |
| 123 Boggs Lane | ) | |
| Cincinnati, OH 45246 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| SEDRA TAYLOR | ) | |
| 5001 Mayfield Rd., Ste. 215 | ) | |
| Cleveland, OH 44124 | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Brittanee Jenkins, by and through counsel, for her Class and Collective Action

Complaint against Defendants In Living Support, LLC (hereinafter "In Living Support") and

Sedra Taylor, states and alleges the following:

**INTRODUCTION**

1.      Plaintiff brings this case to challenge the policies and practices of In Living

Support and Sedra Taylor (hereinafter "Defendants") that violate the Fair Labor Standards Act

("FLSA"), 29 U.S.C. §§ 201-219, as well as the statutes of the State of Ohio. Plaintiff brings this

case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n

action to recover the liability" prescribed by the FLSA "may be maintained against any employer

… by any one or more employees for and in behalf of [herself] or themselves and other employees similarly situated" (the "FLSA Collective").  Plaintiff also brings this case as a class action under Fed. R. Civ. P. 23 on behalf of herself and other members of a class of persons who assert factually-related claims under the wage-and-hour statutes of the State of Ohio (the "Ohio Class").

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3.      This Court has supplemental jurisdiction over Plaintiff's claims under the statutes of the State of Ohio because those claims are so related to the FLSA claims as to form part of the same case or controversy.

4.      Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

5.      At all times relevant, Plaintiff Brittanee Jenkins was a citizen of the United States and a resident of Cuyahoga County, Ohio.

6.      Defendant In Living Support is an Ohio limited liability company doing business throughout Ohio, including out of its Northeast Ohio location at 5001 Mayfield Rd., Ste. 215, Cleveland, OH 44124, with its corporate headquarters in Hamilton County, Ohio. According to records maintained by the Ohio Secretary of State, Defendant In Living Support's statutory agent for service of process is Elliott Stapleton, 123 Boggs Lane, Cincinnati, OH 45246.

7.      Defendant Sedra Taylor is the President[1] and a member of Defendant In Living Support. Defendant Sedra Taylor exercised daily operational control over business operations, including decisions over the hiring and firing of employees, scheduling employees for work, establishing payroll policies and procedures, establishing rates of pay for employees, and issuing payroll to employees.

8.      According to records maintained by the Ohio Secretary of State, Defendant Sedra Taylor, 230 Northland Blvd Ste. 135, Cincinnati, OH 45246, registered "In Living Support" as a trade name in 2007. Defendant Taylor described In Living Support as "an agency providing Residential care to Autistic Adults[.]"[2]

## FACTUAL ALLEGATIONS

### Defendants' Business

9.      Defendants are home care service providers, providing "caregivers [] ready to help you and your loved ones with a variety of daily activities" including meal planning & preparation, transportation, shopping, medication administration, personal hygiene assistance, payee & budgeting, independent goal setting and community social activities medical services.[3] Defendants "offer flexible hours including 24/7 supervision and assistance."[4]

### Defendants' Statuses as Employers

10.      At all times relevant, Defendants were employers within the meaning of the FLSA, 29 U.S.C. § 203(d), and employed hourly employees, including Plaintiff.

11.      At all times relevant, Defendants were an enterprise within the meaning of 29 U.S.C. § 203(r).

---

[1] http://inlivingsupport.com (accessed July 17, 2017).
[2] http://www2.sos.state.oh.us/reports/rwservlet?imgc12g&Din=200721801756 (accessed July 17, 2107)
[3] http://inlivingsupport.com/how-we-help (accessed July 17, 2017).
[4] http://inlivingsupport.com/supported-living (accessed July 17, 2017).

12.     Defendant Sedra Taylor is an employer pursuant to 29 U.S.C. § 203(d) in that he is a "person [who] act[ed] directly or indirectly in the interest of an employer," In Living Support, "in relation to employees," including Plaintiff. Defendant Sedra Taylor is also an employer pursuant to O.R.C. Chapter 4111, and had operational control over significant aspects of In Living Support's day-to-day functions, including compensation of employees.

13.     At all times relevant, Defendants were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

14.     Defendants operate and control an enterprise engaged in commerce, with annual gross volume of business exceeding $500,000.00.

### Plaintiff's, the FLSA Collective's, and Ohio Class's Non-Exempt Employment Statuses with Defendants

15.     Plaintiff Brittanee Jenkins was employed by Defendants from approximately April 2014 to June 2017.

16.     At all times relevant, Plaintiff, the FLSA Collective, and Ohio Class were employees within the meaning of 29 U.S.C. § 203(e) and O.R.C. §§ 4111.01, *et seq*.

17.      At all times relevant, Plaintiff, the FLSA Collective, and Ohio Class were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 207.

18.     In *Home Care Association of America, et al. v. Weil*, 78 F.Supp. 3d 123 (D.C. Cir. 2015), the District of Columbia Circuit Court of Appeals unanimously upheld the U.S. Department of Labor's Home Care Final Rule, effective January 1, 2015, which extended the overtime provisions of the FLSA to home care employees, including Plaintiff, the FLSA Collective, and Ohio Class.

4

19.    Effective January 1, 2015, home care employees, including Plaintiff, the FLSA Collective, and Ohio Class are non-exempt employees, and must be compensated at one and one-half times their normal hourly rate for hours worked over forty (40) in a week.

## Defendants' Failure to Pay Overtime Compensation

20.    During their employment with Defendants, Plaintiff, the FLSA Collective, and the Ohio Class were required to work substantial amounts of overtime.

21.    Instead of compensating Plaintiff, the FLSA Collective, and the Ohio Class at one and one-half times their regular hourly rates for hours more than forty (40) hours per workweek, Defendants paid Plaintiff, the FLSA Collective, and the Ohio Class their regular, straight time hourly rates for all hours worked.

22.    Defendants' failure to compensate Plaintiff, the FLSA Collective, and Ohio Class worked more than forty (40) hours per week at "one and one-half times" the employees' "regular rate" of pay violates the FLSA, 29 U.S.C. § 207 and corresponding Ohio law.

## Defendants' Misclassification of Non-Exempt Employees

23.    During their employment with Defendants, Defendants misclassified Plaintiff and members of the FLSA Collective and Ohio Class as non-exempt employees of Defendants.

24.    Plaintiff worked for Defendants in various titles including as a "direct care personnel", "house manager" and "field manager" performing her primary duty – home care services – from approximately April 2014 to May 2017.

25.    Though Plaintiff's job title sporadically changed, the vast majority of Plaintiff's job duties stayed consistent, 80% or more of which comprised of completing manual labor-intensive tasks including but not limited to cooking for clients, bathing and providing other

hygienic services for clients, grocery shopping, and cleaning client's homes including vacuuming and washing dishes.

26. Plaintiff was paid on an hourly basis from the conception of her employment in approximately April 2014 until March 2017. In March 2017, Plaintiff was told by Defendant she was re-classified as a salary employee, though the primary duty of her employment, performing home care services, did not change. Plaintiff's paystubs, however, continued to reflect that she was paid an hourly rate of $12.50 per hour for 80 hours per week, although she was not paid overtime during this time.

27. In Spring 2017, the client that Plaintiff largely cared for was admitted into the hospital due to health issues. Plaintiff's hours were significantly reduced as she was no longer performing many of the manual labor-intensive tasks she performed for her primary client. As a result of Plaintiff's hours reduction, Defendants reclassified Plaintiff as an hourly employee.

28. To qualify as an overtime exempt salary employee under federal and Ohio law, Defendants were required to compensate Plaintiff, the FLSA Collective, and Ohio Class on a *salary basis*, and the employees must have "**regularly** receive[d] each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of the employee's compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed." 29 C.F.R. § 541.602 (emphasis added); O.R.C. § 4111.14(B) (incorporating FLSA standards). Furthermore, Plaintiff and members of the FLSA Collective, and Ohio Class were not to be paid on a salary basis when "deductions from the employee's predetermined compensation are made for absences occasioned by the employer or by the operating requirements of the business." *Id.*

6

29.     Though Plaintiff and salary-paid members of the FLSA Collective and Ohio Class were ready, willing and able to work, Defendants re-classified salaried employees of Defendants as hourly employees during periods when absences were occasioned by Defendants and/or by the operating requirements of Defendants' business, including when Plaintiff and members of the FLSA Collective and Ohio Class did not work in excess of forty (40) hours per week.

30.     Defendants' sham changes in its employees' classifications by shifting employees between hourly and salary compensation based on hours of worked performed violated of 29 U.S.C. § 207(a), as Plaintiff and salary-paid members of the FLSA Collective and Ohio Class were required to *regularly* receive salaries to qualify for exemptions.

31.     In addition, in order for Defendants to lawfully evade the overtime provisions of the FLSA and Ohio law, Defendants' classified exempt employees' "'primary dut[ies]' must be the performance of exempt work." 29 § C.F.R. 541.700(a). Though "Employees who do not spend more than 50 percent of their time performing exempt duties may nonetheless meet the primary duty requirement if the other factors support such a conclusion", *id.*, "if such [managers] are closely supervised and earn little more than the nonexempt employees, the [managers] generally would not satisfy the primary duty requirement", 29 § C.F.R. 541.700(c).

32.     Defendants violated 29 § C.F.R. 541.700 by misclassifying Plaintiff in two ways. First, Plaintiff and members of the FLSA Collective and Ohio Class spent the vast majority (80% or more) of their time performing manual labor-intensive work. Second, Plaintiff earned little more as an exempt employee as when she was an hourly employee. Indeed, as an hourly employee Plaintiff was paid at most 12.50 per hour. When Plaintiff was changed to a salary employee, her paystubs reflect that she was paid biweekly 12.50 for 80 hours of work, regardless of the hours she actually worked for Defendants.

33.     As a result of the above unlawful misclassification policies, while Plaintiff, the FLSA Collective, and Ohio Class were unlawfully paid on a salary basis, Defendants consistently failed to pay Plaintiff, the FLSA Collective, and Ohio Class for all hours worked, resulting in violations of the overtime provisions of the FLSA and Ohio law. 29 U.S.C. § 207; O.R.C. §§ 4111.01 *et seq.*

34.     Defendants' misclassification and compensation practices present indefensible willful violations of the FLSA, 29 U.S.C. § 207(a).

## COLLECTIVE ACTION ALLEGATIONS

35.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

36.     Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of [herself] or themselves and other employees similarly situated."

37.     The FLSA Collective consists of:

All present and former hourly and non-exempt employees of Defendants who performed home care services during the period of three years preceding the commencement of this action to the present.

38.     Such persons are "similarly situated" with respect to Defendants' FLSA violations in that all were non-exempt employees of Defendants, all were subjected to and injured by Defendants' unlawful practice of failing to pay for all hours worked and overtime compensation for all hours worked in excess of forty per workweek, and all have the same claims against Defendants for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

39.     Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

40.     Plaintiff cannot yet state the exact number of similarly-situated persons but avers, upon information and belief, that they consist of at least 100 persons. Such persons are readily identifiable through the payroll records Defendants have maintained, and were required to maintain, pursuant to the FLSA.

## CLASS ACTION ALLEGATIONS

41.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

42.     Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and other members of a class of persons who assert claims under the laws of the State of Ohio (the "Ohio Class"), defined as:

> All present and former hourly and non-exempt employees of Defendants who performed home care services during the period of two years preceding the commencement of this action to the present.

43.     The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff cannot yet state the exact number of class members but avers, upon information and belief, that they consist of at least 100 persons.  The number of class members, as well as their identities, are ascertainable from the payroll records Defendants have maintained, and were required to maintain, pursuant to the FLSA and Ohio law.  29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. Art. II, § 34a.

44.     There are questions of law or fact common to the Ohio Class, including but not limited to:

> Whether Defendants failed to pay Plaintiff and other class members all overtime pay due to them?
>
> Whether Defendants failed to pay Plaintiff and other class members for all hours worked?
>
> Whether Defendants' failure to pay Plaintiff and other class members overtime pay due to them in violation of the Ohio law was willful?

45.     Plaintiff's claims are typical of the claims of other members of the Ohio Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendants, and are based on the same legal theories, as the claims of other class members.

46.     Plaintiff will fairly and adequately protect the interests of the Ohio Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members.  Plaintiff's counsel have broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Ohio Class in this case.

47.     The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members.  The primary questions that will determine Defendants' liability to the class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

48.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources.  Many class members' claims are sufficiently small that they would

be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)

49.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

50.     Plaintiff brings this claim for violation of the FLSA's overtime provisions.

51.     The FLSA requires that "non-exempt" employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate" of pay.  29 U.S.C. § 207(a)(1).

52.     Plaintiff, the FLSA Collective, and Ohio Class should have been paid overtime wages in the amount of 150% of their "regular rate" for all hours worked in excess of forty (40) hours per workweek.

53.     Defendants did not pay overtime compensation to Plaintiff, the FLSA Collective, and Ohio Class at the rate of one and one-half times their regular rate for all of their overtime hours.

54.     By engaging in these practices, Defendants willfully violated the FLSA and regulations thereunder that have the force of law.

55.     As a result of Defendants' violations of the FLSA, Plaintiff, the FLSA Collective, and Ohio Class were injured in that they did not receive wages due to them pursuant to the FLSA.  29 U.S.C. § 216(b) entitles Plaintiff, the FLSA Collective, and Ohio Class to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) further provides that "[t]he court … shall, in addition to any judgment

awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT TWO
### (Ohio Overtime Violations)

56.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

57.     Plaintiff brings this claim for violation of the Ohio overtime compensation statute, O.R.C. § 4111.03.

58.     At all times relevant, Defendants were employers covered by the Ohio overtime compensation statute, O.R.C. § 4111.03.

59.     Defendants' failure to compensate overtime hours and Defendants' failure to pay employees for all hours worked violated the Ohio overtime compensation requirements set forth in O.R.C. § 4111.03.

60.     These violations of Ohio law injured Plaintiff, the FLSA Collective, and Ohio Class in that they did not receive wages due to them pursuant to that statute.

61.     Having injured Plaintiff, Defendants are "liable to the employee[s] affected for the full amount of the overtime wage rate, less any amount actually paid to the employee[s]… under Ohio law."

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Honorable Court:

A.    Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B.    Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the Ohio Class;

C.    Enter judgment against Defendants, jointly and severally, and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the members of the Ohio Class;

D.    Award compensatory damages to Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the members of the Ohio Class in the amount of their unpaid wages, as well as liquidated damages in an equal amount; and

E.    Award Plaintiff compensatory and punitive damages, her costs and attorneys' fees incurred in prosecuting this action, and such further relief as the Court deems equitable and just.

Respectfully submitted,

*s/ Kevin M. McDermott II*
Joseph F. Scott (0029780)
Ryan A. Winters (0086917)
Kevin M. McDermott II (0090455)
Scott & Winters Law Firm, LLC
The Caxton Building
812 E. Huron Road, Suite 490
Cleveland, OH 44114
Tel. (440) 498-9100
Fax (216) 621-1094
jscott@ohiowagelawyers.com
rwinters@ohiowagelawyers.com

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

*s/ Kevin M. McDermott II*
Kevin M. McDermott II (0090455)